## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYAND

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : : CIVIL ACTION NO. |
| Plaintiff, | : : : |
| v. | : : |
| OWEN SOFTWARE DEVELOPMENT COMPANY LTD., OWEN SOFTWARE DEVELOPMENT COMPANY LTD. 401(k) PLAN, ADEBOYEJO ONI, and BABATUNDE OGUNNAIKE, | : : : : : : |
| Defendants. | : : |

## COMPLAINT

Martin J. Walsh, Secretary of Labor, United States Department of Labor ("the Secretary"), hereby alleges:

### Jurisdiction and Venue

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The Owen Software Development Company Ltd. 401(k) Plan ("Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), that

offers retirement benefits to its participants, who are employees of the Company, and therefore is subject to the coverage of the Act, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a). The Plan is administered in Rockville, Montgomery County, Maryland.

4. Venue with respect to this action lies in the District of Maryland, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## The Parties

5. The Secretary, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

6. Owen Software Development Company Ltd. ("the Company") develops software to help individuals explore Science, Technology, Engineering, and Mathematics (STEM) education and professional careers.

7. At all relevant times, the Company has been the Plan Sponsor and Plan Administrator. As the Plan Administrator, the Company is a named fiduciary to the Plan within the meaning of Section 402(a) of ERISA, 29 U.S.C. § 1102(a).

8. Further, at all relevant times, the Company has exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management or disposition of the Plan's assets, and has discretionary authority and discretionary responsibility in the administration of the Plan. The Company, therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A) and (C) of ERISA, 29 U.S.C. § 1002(14) (A) and (C).

9. At all relevant times, Adeboyejo Oni ("Oni") was the Chief Executive Officer of the Company and a Trustee of the Plan. As a Plan Trustee, Oni is a fiduciary to the Plan within the meaning of Section 403(a) of ERISA, 29 U.S.C. § 1103(a).

10. Further, at all relevant times, Oni exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management and disposition of the Plan assets, and had discretionary authority and discretionary responsibility in the administration of the Plan. Oni, therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A), (C) and (H) of ERISA, 29 U.S.C. § 1002(14) (A), (C) and (H).

11. At all relevant times, Babatunde Ogunnaike ("Ogunnaike") was the Chief Financial Officer and/or Vice President of Strategy and Planning of the Company, and is a Trustee/Authorized Named Fiduciary of the Plan. As a Plan Trustee, Ogunnaike is a fiduciary to the Plan within the meaning of Section 403(a) of ERISA, 29 U.S.C. § 1103(a).

12. Further, at all relevant times, Ogunnaike exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management and disposition of the Plan assets, and had discretionary authority and discretionary responsibility in the administration of the Plan. Ogunnaike, therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A), and (H) of ERISA, 29 U.S.C. §§ 1002(14) (A), and (H).

13. The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

**General Allegations**

14. On or about October 1, 2013, the Company established the Plan. The Plan permitted participants to contribute a portion of their pay to the Plan as elective salary deferrals ("employee contributions") through payroll deductions.

15. In their capacity as Trustees, Oni and Ogunnaike failed to ensure that employee contributions—which were withheld from paychecks of the Company's employees—were timely forwarded to the Plan between 2017 and 2018. Employee contributions were either unremitted, with those monies instead remaining in the Company's business operating account.

16. Unremitted employee contributions are assets of the Plan within the meaning of ERISA. *See* ERISA § 3(42), 29 U.S.C. § 1002(42); 29 C.F.R. § 2510.3-102 (defining "plan assets"). Between 2017, and 2018, Oni, Ogunnaike and the Company failed to segregate these Plan assets from the general assets of the Company. Oni, Ogunnaike, and the Company also failed to ensure that withheld employee contributions were timely remitted to the Plan.

17. Employee contributions deducted from payroll but not forwarded to the Plan total at least $7,047.11 for the time period of 2017, through 2018. Interest owed to the Plan on the unremitted employee contributions as of January 11, 2022, is $ 1,601.55. As of January 11, 2022, the total owed to the Plan with respect to these allegations during the relevant period is $8,648.66.

18. Oni, Ogunnaike, and the Company failed to ensure that Plan assets described in paragraphs 15-17, *supra*, were collected by the Plan.

19. Oni, Ogunnaike, and the Company each failed to comply with the Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibility and each enabled the other to commit breaches of ERISA.

20. Oni, Ogunnaike, and the Company each knew that the other had violated ERISA, but did not make reasonable efforts under the circumstances to remedy the breaches.

## **Violations**

21. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1–20 inclusive.

22. By the actions and conduct described in the paragraphs above, Oni, Ogunnaike, and the Company, as fiduciaries of the Plan:

   a. failed to hold all assets of the Plan in trust in violation of Section 403(a) of ERISA, 29 U.S.C. § 1103(a);

   b. failed to ensure that the assets of the Plan did not inure to the benefit of the Company in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

   c. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

   d. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

   e. caused the Plan to engage in transactions which they knew or should have known

        constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party-in-interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D); and

    f.  dealt with assets of the Plan in their own interest or for their own account, in violation of Section 406(b)(1) and (2) of ERISA, 29 U.S.C. § 1106(b)(1) and (2).

23.    Oni, Ogunnaike, and Company each participated knowingly in or knowingly undertook to conceal acts or omissions by the other that they knew to be violations of ERISA. By each participating knowingly in the fiduciary breaches of the other, Oni, Ogunnaike, and Company are each liable for the other's breaches of fiduciary responsibility, pursuant to Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1).

24.    Oni, Ogunnaike, and the Company failed to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and each enabled the other to commit breaches of ERISA. By failing to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and thereby enabling the other to commit breaches of ERISA, Oni, Ogunnaike, and the Company are each liable for the other's breaches of fiduciary responsibility, pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

25.    Oni, Ogunnaike, and the Company each knew that the other had violated ERISA, but did not make reasonable efforts under the circumstances to remedy the other's breaches. By failing to make reasonable efforts under the circumstances to remedy the other's breaches of which they had knowledge, Oni, Ogunnaike, and the Company, as fiduciaries of the Plan, are liable for each other's fiduciary breaches, pursuant to Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

**Prayer for Relief**

WHEREFORE, the Secretary prays that this Court issue an order:

1. Ordering Oni, Ogunnaike, and the Company, jointly and severally to restore to the Plan all losses, including interest or lost opportunity costs and the cost of an independent fiduciary, which were caused by their fiduciary misconduct;

2. Ordering the Plan to set off any individual account balance of Oni and Ogunnaike against the amount of losses, including interest or lost opportunity cost, and the cost of an independent fiduciary resulting from his fiduciary breaches, as authorized by 29 U.S.C. § 1056(d)(4), and reallocating the account balance to the non-breaching participants, if the losses are not otherwise restored to the Plan by Oni, Ogunnaike, and the Company;

3. Removing Oni, Ogunnaike, and the Company as fiduciaries of the Plan and of any employee benefit plan for which they act as fiduciaries;

4. Permanently enjoining Oni, Ogunnaike, and the Company from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

5. Permanently enjoining Oni, Ogunnaike, and the Company from exercising any custody, control, or decision-making authority with respect to the assets of any employee benefit plan covered by ERISA;

6. Appointing an independent fiduciary with plenary authority and control with respect to the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan, to pursue claims on behalf of the Plan, and to take all appropriate actions for the administration, termination, and distribution of the Plan, with all costs to be borne by Oni, Ogunnaike, and the Company;

7. Ordering Oni, Ogunnaike, and the Company, their agents, employees, service

providers, banks, accountants, and attorneys to provide the Secretary and the independent fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Secretary and the independent fiduciary of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

8. Barring Oni, Ogunnaike, and the Company from engaging in any future violations of ERISA; and

9. Awarding the Secretary the costs of this action; and such other relief as is equitable and just.

Respectfully Submitted,

**UNITED STATES DEPARTMENT OF LABOR**

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968

(215) 861-5113 (voice)
(215) 861-5162 (fax)

Kuschel.Elizabeth.A@dol.gov

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Richard T. Buchanan
Deputy Regional Solicitor

*/s/ Elizabeth A. Kuschel*
Elizabeth A. Kuschel
Trial Attorney
PA 318537

Attorneys for Plaintiff
U.S. Department of Labor