**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR., | * * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 8:22-cv-00960-PX |
| OWEN SOFTWARE DEVELOPMENT COMPANY LTD., OWEN SOFTWARE DEVELOPMENT COMPANY LTD. 401(k) PLAN, ADEBOYEJO ONI, and BABATUNDE OGUNNAIKE, | * * * * * * | |
| Defendants. | * | |

***

<u>**MEMORANDUM OPINION**</u>

Presently pending is Plaintiff Department of Labor ("DOL")'s motion for alternative service and an extension of time to effectuate service pursuant to Federal Rules of Civil Procedure 4(m) and 4(e)(1).  ECF No. 6.  DOL asks that it serve Defendant Abeboyejo Oni by email and via personal service on Oni's business partner, Babatunde Ogunnaike.  ECF No. 6 at 1. DOL also requests until October 17, 2022, to effectuate service on Oni.  *Id.*  For the reasons stated below, the motion is GRANTED.

### I.      Background

Defendant Owen Software Development Company Ltd. ("Owen Software") develops software to help individuals explore educational and professional opportunities in science, technology, engineering, and math.  ECF No. 1 at 2.  In 2013, Owen Software established a

401(k) retirement plan ("the Plan") into which employees may contribute pre-tax income. ECF No. 1 at 4. The Plan is administered in Rockville, Maryland, ECF No. 1 at 2, and is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), ECF No. 1 at 1.

Defendant Adeboyejo Oni ("Oni") is Chief Executive Officer for Owen Software. ECF No. 1 at 3. Defendant Babatunde Ogunnaike ("Ogunnaike") is Chief Financial Officer and Vice President of Strategy and Planning. ECF No. 1 at 3. As business partners, Oni and Ogunnaike remain in regular contact. ECF No. 6-2 at 2; ECF No. 6-3 at 32. Both are fiduciaries of the Plan under ERISA. ECF No. 1 at 3.

Between 2017 and 2018, Owen Software collected at least $7,047.11 in employee contributions that it did not pay into the Plan. ECF No. 1 at 4. Rather, the company commingled the funds with its business account. ECF No. 1 at 4. As of January 11, 2022, neither the funds nor accrued interest on the funds have been paid into the Plan. ECF No 1 at 4.

On April 20, 2022, DOL filed this suit against defendants Owen Software, the Plan, Oni and Ogunnaike, alleging breach of fiduciary duty in violation of ERISA. ECF No. 1 at 5-6; ECF No. 6-2 at 1.[1] The same day, the Clerk issued a summons for each defendant. ECF No. 6-2 at 1. On May 17, 2022, Ogunnaike waived formal service on behalf of himself, Owen Software, and the Plan. ECF No. 6-2 at 1.

As to Oni, DOL attempted to serve him by certified mail at his home in Bethesda, Maryland, on April 27, 2022. ECF No. 6-2 at 2; ECF No. 6-3 at 25. When Oni did not respond, DOL emailed to him copies of the Complaint, summons, and waiver-of-service form on May 16, 2022, and requested that he waive service within 30 days of that email. ECF No. 6-2 at 2; ECF No. 6-3 at 2. Oni contacted counsel for DOL the next day, stating that he was in Nigeria on

---

[1] The Plan is joined as a defendant pursuant to Federal Rule of Civil Procedure 19(a). ECF No. 1 at 3.

business and needed additional time to return the waiver-of-service form.  ECF No. 6-2 at 2.

DOL refused to grant Oni additional time to submit the waiver.  ECF No. 6-2 at 2; ECF No. 6-3

at 27.

On June 3, 2022, DOL next contacted Ogunnaike regarding Oni's whereabouts.  ECF No.

6-2 at 2-3; ECF No. 6-3 at 31-32.  Ogunnaike responded that Oni was traveling abroad, that DOL

had the correct phone number and email address for Oni, and that Oni frequently checks his

email.  ECF No. 6-2 at 2; ECF No. 6-3 at 32.  Between June 3 and June 22, DOL and Oni played

phone tag, connecting just twice.  On June 7, 2022, Oni stated that he was still in Nigeria, but

that he intended to return to the United States later that month.  ECF No. 6-2 at 3; ECF No. 6-3 at

32-33.  Oni also confirmed his email address and represented that he checks that email multiple

times per week.  ECF No. 6-3 at 3; CF 6-3 at 33.  When asked about receiving paper documents

in Nigeria, Oni directed DOL to provide the documents to Ogunnaike.  ECF No. 6-2 at 4; ECF

No. 6-3 at 33.  In a subsequent conversation on June 22, Oni expressed to DOL that he intended

to waive formal service and that he did not know when he would return to the United States.

ECF No. 6-2 at 5; ECF No. 6-3 at 35.

Presently, Oni has not signed the waiver or returned from Nigeria.  Consequently, DOL

moves for alternative service and for an extension of time to complete service.  ECF No. 6.  For

the reasons stated below, the motion is granted.

## II.     Standard of Review

As to manner of service, Federal Rule of Civil Procedure (4)(e) provides that an

individual may be served pursuant to the law of the state in which the district court is located.

*See* Fed. R. Civ. P. 4(e).  Maryland law provides three methods for accomplishing service: (1)

personal service on the defendant; (2) leaving a copy of the summons, complaint, and other

papers at the defendant's residence with another resident of suitable age; or (3) service via certified, restricted-delivery mail.  Md. R. 2-121(a).

If the plaintiff demonstrates that the defendant is evading service, alternative service may include (1) mailing a copy of the summons, complaint, and all other documents to the defendant's last known residence, and (2) delivering a copy of each filed document to a person of suitable age at the defendant's place of business.  Md. R. 2-121(b).  However, if service under section 2-121(b) is impracticable, the court may order service by "any other means . . . that it deems appropriate in the circumstances and reasonably calculated to give actual notice."  Md. R. 2-121(c); *see also* Md. R. 3-121(a)–(c) (providing identical rules for service of process in Maryland District Court cases).

When a plaintiff requests alternative service, the proposed method must also satisfy due process.  *Luma v. Dib Funding, Inc.*, No. ELH-20-2504, 2021 WL 795152, at *2 (D. Md. Mar. 2, 2021) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  At a minimum, due process requires that "notice is reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Binks v. Collier,* No. DKC-19-0298, 2019 WL 2994697, at *1 (D. Md. July 9, 2019) (quoting *Mullane*, 339 U.S. at 314).

Next, with respect to the timing of service, although Rule 4(m) generally requires service to be completed within ninety days from issuance of the summons, the time may be extended upon a showing of good cause.  *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010).  Good cause generally amounts to "the interference of some outside factor [that] prevented the otherwise-diligent plaintiff from complying with" Rule 4(m*).  Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trs.*, No. DKC 12-3228, 2013 WL 3072373, at *2 (D. Md. June 17,

2013).  To demonstrate good cause, a plaintiff must show that he exercised diligence in trying to effect service, but "was thwarted by circumstances beyond his control."  *United States ex rel. Moore v. Cardinal Fin. Co.*, L.P., No. CCB-12-1824, 2017 WL 1165952, at *7 (D. Md. Mar. 28, 2017) (citing *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005)); *see also Jones v. Sears, Roebuck & Co.*, No. DKC-15-3092, 2016 WL 1696557, at *2 (D. Md. Apr. 28, 2016).  A defendant's "intentional evasion of service" amounts to good cause.  *See Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (citing *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019)).  Even absent a showing of "good cause," the Court nonetheless retains discretion to extend time for service.  *See Gelin*, 35 F.4th at 220; *see also Escalante v. Tobar Constr., Inc.*, No. 8:18-CV-00980-PX, 2019 WL 109369, at *4 (D. Md. Jan. 3, 2019).

## III.    Discussion

First as to DOL's request to effectuate service by alternative means (ECF No. 6 at 1), DOL has attempted to serve Oni at his home and thereafter tried to work with Oni to accomplish service when he returns stateside.  *See generally* ECF No. 6-3.  Oni, for his part, is noncommittal as to when he will return to the United States and has repeatedly failed to execute a waiver-of-service, as promised.  Oni, in short, appears to be evading service, and so alternative service is warranted.

As to DOL's proposed means of alternative service—email to Oni and on Oni's business partner—Oni is already on notice of the suit from his past communication with counsel for DOL.  ECF No. 6-3 at 32.  Given Oni's actual knowledge of the suit, and his repeated representations that he wishes to waive service, the proposed alternative service satisfies due process.

Second, to effectuate alternative service, the Court will extend the time to serve Oni.  DOL's diligent attempts have been thwarted by Oni's evasiveness.  *See* Fed. R. Civ. P. 4(m);

*Gelin* 35 F.4th at 218.  DOL is certainly entitled to additional time under these circumstances.

*See Gelin*, 35 F.4th at 220.  Accordingly, the Court extends DOL's time to complete service for

90 days from the date of this Opinion and Order.

     A separate Order follows.

     August 18, 2022                            /s/

Date                                         Paula Xinis

                                         United States District Judge